TRENTON MALLEABLE IRON COMPANY, PROSECUTOR-APPELLANT, v. JOSEPH FALEY, DEFENDANT-RESPONDENT.

Submitted May 31, 1935—Decided October 9, 1935.

For the appellant, *Henry M. Hartmann.*

For the respondent, *William Reich.*

The opinion of the court was delivered by

HEHER, J.   We find no error in the judgment under review, except in the allowance to respondent, by the Mercer Common Pleas, of the cost of a transcript of the evidence adduced in the compensation bureau for use in "the defense of the appeal" to the pleas from the judgment of the bureau.

The right to costs is a creature of statute.  *Lehigh Valley Railroad Co.* v. *McFarland,* 44 *N. J. L.* 674; *Hopper* v. *Freeholders of Bergen,* 52 *Id.* 313, 318; *Igoe Bros.* v. *National Surety Co.,* 112 *Id.* 243, 251; 15 *C. J.* 21.

Paragraph 19 of the supplement of 1918 to the Workmen's Compensation act (*Pamph. L.* 1918, *pp.* 429, 435), as amended by chapter 25 of the laws of 1932 (*Pamph. L.* 1932,

*p.* 38), provides that, when judgment is rendered in the Court of Common Pleas on an appeal from a judgment of the compensation bureau, "costs may be awarded" by the judge of the former tribunal "in his discretion, and when so awarded the same costs shall be allowed, taxed and collected as are allowed, taxed and collected for like services in the Common Pleas Courts." Respondent finds the asserted authority for taxing this item in the costs in the provision of paragraph 4 of the act relating to the taxation of costs in the Circuit Courts and Courts of Common Pleas, for the inclusion in the bill of costs of "the legal fees paid for a certified copy of a deposition or other paper or document, or map, recorded or filed in any public office, necessarily used or obtained for use on the trial of an issue of fact or the argument of an issue of law, or upon appeal, error or otherwise; the reasonable expenses of printing the papers and points for a hearing or argument;" and "such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law." *Pamph. L.* 1926, *pp.* 395, 403.

But the disputed item here is plainly not within either of these clauses. The purchased transcript was not, as the Supreme Court conceived, necessary for the preparation of the "state of the case" on appeal. The duty of preparing and filing the record and transcript on appeal rested upon the appellant. Paragraph 19 of the supplement of 1918 to the Compensation act, *supra* (as amended), directs the appellant, within a specified time, to "send to the clerk of the Court of Common Pleas * * * a transcript of the record and testimony in said cause, which transcript shall be prepared by said appellant and submitted to the secretary of the bureau for certification." *Pamph. L.* 1932, *p.* 38. This statutory mandate was observed; and the effect of the inclusion of the disputed item in the taxed bill of costs was to impose upon the appellant the additional requirement of furnishing his adversary with another transcript. There is no warrant for this in the statute.

The judgment is accordingly modified, and, as so modified, affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, LLOYD, CASE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.